Pearson, J.
The only question was as to the construction of the deed from the plaintiff to the defendant. If the deed stops at the end of the distance (200 feet) called for in the second line, and runs thence to the south west corner of lot 153, the locus in quo is not covered by tire deed, and the plaintiff is entitled to recover. If the second line is to be extended beyond the distance, to the comer of lot 123, and runs thence to the south west comer of lot 153, the locus in quo is covered by the deed and the plaintiff is not entitled to recover. His Honor was of opinion that the line ought to be extended, and to this the plaintiff excepts.
*119 There is error. Distance must govern unless there is some other description, less liable to mistake, to control it. So the onlyquestion is, what is there in this case to control the distance? It is said the general description, two lots, known as the Winchell lots, and numbered as the upper part of lots 154 and 155, upon which are located two store houses, out houses and a kitchen, shows that the deed was not to stop until it reached the corner of the Winchell lot, although the distance does give out a few feet before reaching the corner; and that it could not have been the intention to clip off a little triangle. We were at first inclined to take this view of the question upon the authority of Ritter v. Barret, 4 Dev. & Bat. 133. But upon further consideration, we are satisfied that the case of Ritter v. Barret is not in point, and that there is nothing to control the distance.
If the deed had stopped after the general description above set out, it would have covered all of the upper part of lots 154 and 155; or, if a line from the end of the distance to the south west corner of lot 153 would cut off one of the store houses or the kitchen, that would show there was some mistake in regard to the distance, because, as to the intention to include both store houses and the kitchen, there could be no mistake. But such is not the fact; and after the general description, the deed proceeds to give a particular and definite description, calling for u corners ” — whence a comer is to be run to, and setting out the distance (200 feet) upon the second line alone. Why was this ? It is not suggested that 200 feet was die supposed measure of the original line. The original corner is not called for. Then how is it to be accounted for, that on this line alone, in giving the oarticular description, the deed says, stop at the end of 200 feet, and then run to the corner of lot 153? It cannot be accounted for, except on the supposition that the line was not to be run quite out to the original corner, but was to stop at an agreed distance, 200 feet.
It will be seen upon a'close examination that this case differs entirely from Ritter v. Barret. There, the description in the deed, so far as it went, corresponded precisely with the more minute description in the deed referred to. The distance called for in both was 240 poles, and the only difference was, that the deed in question did not add “to a pine” — which was a part in *120 the moré full description in the deed referred to. In our case, the two hundred feet is not a supposed measurement, which had been passed down through many mesne conveyances, and in regard to which the call for a “ pine comer ’ ’ showed there was some mistake; but it is set out in this deed for the first time, by way of giving a more special description of the land intended to be conveyed; and there is no “pine tree,” or comer or any thing else to show there was a mistake about it. Why should 200 feet have been fixed on, instead of 150 or 3Q0, unless 200 was the distance agreed on? There must be a venire de novo.
Per Curiam. Judgment reversed, and a venire de novo awarded.